UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Baldor Electric Company, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| vs. ) | |
| ) | |
| PTJ Industrial and Sierra Electric Motors, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Baldor Electric Company, owner of a federally registered trademark for the color gold as applied to motors ("Gold Motor Trademark"), brings this action for trademark infringement and unfair competition against Defendants PTJ Industrial and Sierra Electric Motors, who are manufacturing, advertising, offering for sale and selling/distributing motors using Baldor's Gold Motor Trademark, without Baldor's authorization or permission.

## PARTIES

1. Plaintiff Baldor Electric Company is a Missouri corporation with its principal place of business at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas 72902.

2. Upon information and belief, Defendant PTJ Industrial is an unincorporated business organization operating from its principal place of business at 6422 Copper Ann Drive, Sparks, Nevada 89436.

3. Upon information and belief, Defendant Sierra Electric Motors is an unincorporated business organization operating from its principal place of business at 6422 Copper Ann Drive, Sparks, Nevada 89436.

- 2 -

4. Upon information and belief, each Defendant is in privity with and an agent/alter-ego of the other Defendant.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship) and 1338 (trademark and related unfair competition).

6. This Court has personal jurisdiction over Defendants because, upon information and belief, they do business in the State of Missouri.  For example, Defendants' website, www.ptjindustrial, allows Missouri residents to purchase infringing motors directly from the website.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because, upon information and belief, Defendants are subject to personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS
### Baldor's Gold Motor Trademark

8. Baldor is a leading manufacturer of high quality electric motors.  Since at least as early as 1983, Baldor has applied the color gold to motors, and promoted and sold such motors to consumers throughout the United States.



- 3 -

9.  As a result of extensive sales and promotion, the color gold functions as a trademark for Baldor motors.  The Gold Motor Trademark has acquired significant goodwill and renown in the industry.

10.  Baldor is the owner of U.S. Registration No. 3447699 for the Gold Motor Trademark:



The registration is in good standing and incontestable.  A copy of the registration certificate is attached as Exhibit 1 and incorporated by reference.

**Defendants' Infringing Activities**

11.  Upon information and belief, Defendants are manufacturing, advertising, offering for sale and selling/distributing motors using Baldor's Gold Motor Trademark, including but not limited to the motor shown below:



12. Defendants are not connected with Baldor, nor has Baldor approved or authorized Defendants' infringing use of the Gold Motor Trademark.

## COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114 Against All Defendants

13. Baldor incorporates the above allegations as if fully set forth herein.

14. Baldor is the owner of U.S. Registration No. 3447699 for the Gold Motor Trademark. This incontestable trademark registration is prima facie evidence of Baldor's ownership of and exclusive right to use the registered Gold Motor Trademark.

15. Defendants' manufacturing, advertising, offering for sale and sale/distribution of motors using Baldor's Gold Motor Trademark is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

16. Upon information and belief, Defendants' trademark infringement was and is intentional and willful.

17. Defendants' conduct has damaged and will continue to damage and irreparably harm Baldor.

## COUNT II
### Trademark Infringement and Unfair Competition
### Under 15 U.S.C. § 1125(a) Against All Defendants

18. Baldor incorporates the above allegations as if fully set forth herein.

19. Defendants' acts complained of herein are likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1125(a).

20. Upon information and belief, Defendants' trademark infringement and unfair competition was and is intentional and willful.

21. Defendants' conduct has damaged and will continue to damage and irreparably harm Baldor.

## PRAYER FOR RELIEF

WHEREFORE, Baldor prays for judgment against Defendants as follows:

1. Awarding damages to adequately compensate Baldor for Defendants' trademark infringement and unfair competition.

2. Permanently enjoining Defendants, their agents, servants, employees, attorneys and all persons in active concert, privity or participation with Defendants, from doing, aiding, causing or abetting all acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1116 and other applicable law.

3. Directing Defendants to deliver up for destruction all goods, advertising, business cards, literature, and other forms of promotional literature or things bearing or showing the infringing mark pursuant to 15 U.S.C. § 1118.

4. Awarding Defendants' profits, any damages sustained by Plaintiff, and the costs of the action pursuant to 15 U.S.C. § 1117(a).

5. Awarding Plaintiff a sum above the amount found as actual damages, not exceeding three times such amount pursuant to 15 U.S.C. § 1117(a).

6. Awarding Plaintiff a sum the Court finds is just in the event it finds that the amount of recovery based on profits is inadequate pursuant to 15 U.S.C. § 1117(a).

7. A finding that this is an exceptional case justifying the award of reasonable attorney fees to Plaintiff pursuant to 15 U.S.C. § 1117(a).

8. Awarding statutory damages pursuant to 15 U.S.C. § 1117(c).

9. Awarding pre-judgment and post-judgment interest.

10. Requiring Defendants to report to this Court of their compliance with the foregoing within thirty days of judgment.

- 6 -

11. Awarding Baldor such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    /s/   Hadi S. Al-Shathir
    David B. Jinkins, #49254MO
    Hadi S. Al-Shathir, #55144MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    314-552-7000 (fax)
    djinkins@thompsoncoburn.com
    hal-shathir@thompsoncoburn.com

    Attorneys for Plaintiff Baldor Electric Company